■ TRACY L. BOUTON et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim Nos. 47315, 48363.) Appeals from (1) a judgment (Claim No. 48363), entered October 24, 1968, upon a decision of the Court of Claims; (2) a judgment (Claim No. 47315), entered March 13, 1969, upon a decision of the Court of Claims; and (3) an order of the Court of Claims, entered February 26, 1969, which denied claimants' motion to reopen the trial for the purpose of offering additional proof. Claimants have apparently abandoned the appeal from the October 24, 1968 judgment and, in view of our disposition of the appeal from the March 13, 1969 judgment, any issue concerning the denial of claimants' motion to reopen the trial due to newly acquired evidence has become moot. The issue then is solely whether an award for appropriated land accessible only by a railroad "farm crossing" constructed pursuant to section 52 of the Railroad Law can be based on its actual use prior to the taking. *Walker* v. *State of New York* (33 N Y 2d 450) and *Syracuse Ready-Mix Concrete Co.* v. *State of New York* (43 A D 2d 800, mot. for lv. to app. den. 34 N Y 2d 832) are dispositive. The determination of value of appropriated property can be made on its actual commercial or industrial use. Consequently, the award herein should be modified to the extent that damages should be awarded on appraisals based on the actual use of the appropriated land. In addition to appraisal reports submitted by both claimants and the State which contain detailed evaluations of damages using the market data, reproduction cost and capitalization of income approaches and based on the actual use of the appropriated property, there is expert testimony thereon by both appraisers. A new trial, therefore, is unnecessary. The case should be remanded to enable the trial court to formulate a justifiable award. Judgment entered March 13, 1969 modified, on the law and the facts, in accordance with this memorandum decision, and case remitted to the Court of Claims for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Judgment entered October 24, 1968 affirmed, without costs. Appeal from order entered February 26, 1969 dismissed, as moot, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.